UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| THE UNITED STATES FOR THE USE AND BENEFIT OF VT MILCOM, INC.,<br><br>Plaintiff<br><br>v.<br><br>WALBRIDGE-DOSTER, et al.,<br><br>Defendants. | CIVIL ACTION NO. 5:08-CV-202-R<br><br>*FILED ELECTRONICALLY* |

### MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY

Defendants submit this Motion to Lift the Stay in this action, which has been in effect by Order of this Court since May 8, 2009, and state in support of such Motion as follows:

**I.   DISCUSSION**

This is a case arising under the Miller Act (40 U.S.C. § 3133 et seq.), which is a statutory remedy for subcontractors working under a Federal Government construction contract. Plaintiff VT Milcom, Inc. ("VT Milcom") is the subcontractor, Defendant Walbridge-Doster, a Joint Venture ("Walbridge") is the prime contractor, and the remaining Defendants (Travelers Casualty & Surety Company, Federal Insurance Company and Safeco Insurance Company) are the sureties on the relevant payment bond.[1] The government construction contract (the "Prime Contract") is between Walbridge and the U.S. Army Corps of Engineers ("COE" or "Owner").

---

[1] During the period in which this action has been stayed, defendants' counsel have changed as reflected in the signature block below. Gregory P. Parsons and Jonathan E. Harris of Stites & Harbison, PLLC represent all named defendants. Andrew D. Ness, formerly of Howrey LLP and now of Jones Day, represents solely defendant Walbridge.

The Subcontract specifies a dispute resolution process which provides that if Walbridge determines that claims asserted by VT Milcom relate to actions or inactions of the Owner, then VT Milcom is required to utilize the dispute resolution process of the Prime Contract.  That process involves the submission of a formal, certified Claim to the COE and then (assuming the Claim is denied) litigation either before the Armed Services Board of Contract Appeals or the U.S. Court of Federal Claims.

In an April 8, 2009 letter to VT Milcom (copy attached as Exhibit A), Walbridge issued a determination, based on the allegations in the Complaint in this case, that VT Milcom's claims related to COE actions or inactions, and thus VT Milcom was bound to utilize the Prime Contract disputes process.  VT Milcom did not disagree with this, and in May 2009 the parties jointly requested that the Court stay this action so that Plaintiff VT Milcom's claims could be resolved through the Prime Contract dispute resolution process.  Consent Motion to Stay (Dkt. #24) (May 6, 2009).  The Court subsequently granted the Consent Motion to stay these proceedings, pending further Order of this Court.  Order (Dkt. #25) (May 8, 2009).

Unfortunately, that ensuing two years has only served to demonstrate that VT Milcom is either unwilling or unable to pursue its claims via the Prime Contract disputes process. Walbridge requested that VT Milcom provide its claims in a form suitable for transmission to the COE, either as a formal Claim per the requirements of that process, or alternatively as an informal Request for Equitable Adjustment ("REA").  (An REA is frequently submitted as a precursor to a formal Claim in order to serve as the possible basis for negotiated settlement with the Government without need for a Claim.)  Walbridge cooperated in this process by offering specific suggestions to VT Milcom, providing documents from Walbridge files, and commenting on a draft REA that VT Milcom provided in October 2009.

After nearly two years, however, VT Milcom has been unable to provide any REA or Claim even reasonably close to adequate for submission to the COE.  Notably, the draft REA submitted by VT Milcom in October 2009 (and not revised since) was wholly lacking in specifics and substantiation to support VT Milcom's assertion that it was due additional compensation as a result of the COE actions and inactions identified in its Complaint, or otherwise, as Walbridge pointed out in its letter of November 9, 2009 (copy attached as Exhibit B).  Also within this two year period, at VT Milcom's request, Walbridge then engaged in settlement discussions with VT Milcom to see if there was a way to shortcut the need for an REA or Claim, to no avail.

In short, Walbridge has given VT Milcom more than ample opportunity to comply with its contractual obligation to utilize the Prime Contract disputes process, but VT Milcom has entirely failed to do so.  By letter of March 31, 2011 (attached hereto as Exhibit C), Walbridge therefore notified VT Milcom that its inability or unwillingness to pursue the Prime Contract disputes process constitutes a further breach of the Subcontract, and informed VT Milcom of Walbridge's intention to file this Motion to lift the stay.

Defendants continue to believe that, based on the factual allegations made by VT Milcom, this dispute is properly resolved pursuant to the Prime Contract disputes process, but Walbridge has been entirely frustrated in its efforts to get VT Milcom to utilize that process.  In the absence of any realistic prospect of receiving a suitable Claim from VT Milcom to submit to the COE, the resolution of this dispute is stymied.  While litigation in this Court is not what the parties agreed to, continuation of the stay at this point simply serves to prolong the existing stalemate in resolving this matter.  In the absence of any other alternatives, there is no longer any justification for continuing the stay of this action, and Defendants  accordingly request that the

Court end the stay so that the case may proceed with discovery and the parties may promptly be put to the proof of their respective claims and counterclaims.

VT Milcom served its initial disclosures pursuant to Rule 26(a) before the stay was imposed, and Defendants have, on April 13, 2011, served their initial disclosures on VT Milcom, in order to expedite the resumption of the litigation once the stay is lifted.  In serving its disclosures, Defendants have also asked VT Milcom for suitable dates to conduct the discovery conference required by Federal Rule of Civil Procedure 26(f).

**II.    CONCLUSION**

For all of the foregoing reasons, Defendants request that the Court terminate the stay of this action that has been in effect since May 8, 2009, so as to allow the case to proceed with discovery and preparation for trial.

Dated:  April 13, 2011                                  Respectfully submitted,

*s/ Jonathan E. Harris*
Gregory P. Parsons
Jonathan E. Harris
Stites & Harbison, PLLC
250 West Main Street, Suite 2300
Lexington, KY 40507-1758
Telephone: (859) 226-2300
Facsimile: (859) 253-9144
E-Mail:   gparsons@stites.com
              jharris@stites.com

*Counsel for Defendants, Walbridge-Doster, a Joint Venture, Travelers Casualty and Surety Company of America, Federal Insurance Company, and Safeco Insurance Company of America*

and

Andrew D. Ness
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
E-Mail: adness@jonesday.com

*Co-Counsel for Defendant, Walbridge-Doster, a Joint Venture*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Daniel N. Thomas
Counsel for Plaintiff, The United States for the Use and Benefit of VT MILCOM, Inc.
Thomas & Arvin
1209 S. Virginia Street
P.O. Box 675
Hopkinsville, KY 42241-0675
Telephone: (270) 886-6363
Facsimile: (270) 886-8544
E-Mail: dthomas@thomasandarvin.com

Kenneth A. Martin
The Martin Law Firm, P.L.L.C.
6273 Whittier Avenue, Suite 200
McLean, VA 22101
Telephone: (703) 918-0350
Facsimile: (703) 918-0386
E-Mail: ken@martin-lawfirm.com

*s/ Jonathan E. Harris*
Jonathan E. Harris

DE96:40953:381527:1:LEXINGTON