**HOWREY** LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

**Andrew D. Ness**
Partner
T 202.383.7333
F 202.318.8678
nessa@howrey.com

File 14372.0003.000000

April 8, 2009

Kenneth A. Martin, Esq.
The Martin Law Firm, PLLC
6723 Whittier Ave., Suite 200
McLean, VA 22101

Daniel N. Thomas, Esq.
Thomas & Arvin
1209 S. Virginia St.
Hopkinsville, KY 42241

Re: <u>**U.S. f/u/b of VT Milcom, Inc. v. Walbridge-Doster JV**</u>

Dear Messrs. Martin and Thomas:

    We represent Defendant Walbridge-Doster in the referenced litigation, which is a Miller Act claim asserted by VT Milcom as a subcontractor to Walbridge-Doster on the Fort Campbell Command & Control facility.

    As you may be aware, the terms of the subcontract between Walbridge-Doster and VT Milcom provide that "Claims, disputes and other matters in question that Contractor determines in its sole, reasonable discretion relate to actions or inactions of the Owner will be resolved according to the procedures identified in the Agreement between Owner and Contractor." (Subcontract, Article XIX). In the context of this subcontract, "Contractor" refers to Walbridge-Doster, "Owner" refers to the U.S. Army Corps of Engineers ("COE"), the "Agreement between Owner and Contractor" is COE Contract WR12QR-05-C-007 (the "Prime Contract"), and the "procedures identified" in that Agreement refers to the disputes process outlined in the "Disputes" clause of the Prime Contract, FAR 52.233-1.

    We have carefully reviewed the claims referenced in VT Milcom's Complaint in this action that provide the claimed grounds for both VT Milcom's breach of contract claim and its payment bond claim. The claim allegations are that:

    (1)    Differing site conditions relating to hidden building foundations, sanitary sewer lines, manholes and active communications lines caused additional work, delayed VT Milcom, and/or caused VT Milcom to accelerate its work. (Complaint Pars. 16-8).

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

Exhibit A

# HOWREY

Kenneth A. Martin, Esq.
Daniel N. Thomas, Esq.
April 8, 2009
Page 2

(2) COE's Change Case Number 004 caused added work and delay to VT Milcom's work (Complaint Pars. 19-25).

(3) In excess of 450 RFIs [Requests for Information] were issued or processed on the Project, many of which resulted in changes or delays to VT Milcom's work. (Complaint Par. 26); and

(4) VT Milcom's performance was extended by several design changes. (Complaint Par. 27).

Our review indicates that each of these claims relate to alleged COE actions or inactions:

(1) Differing Site Conditions are COE's responsibility per the Differing Site Conditions clause of the Prime Contract (FAR 52.236-2). Any valid Differing Site Condition necessarily had to be pre-existing (in existence when the Prime Contract was awarded), and accordingly cannot have been caused by Walbridge-Doster's actions. *E.g., Foster Const. C. A. & Williams Bros. Co. v. U. S.* 435 F.2d 873, 878 (Ct.Cl. 1970).

(2) COE's Change Case 004 was a specific change to the Project's design ordered by COE.

(3) RFIs are inquiries arising from Walbridge-Doster or its subcontractors arising from the COE-supplied plans and specifications. Walbridge-Doster transmitted all RFIs to COE for response. Depending on the COE's response, RFI responses can amount to directed changes to the project's design, but in each case any change is directed by COE, not Walbridge-Doster. As a construction-only contractor, Walbridge-Doster had no design responsibility under the Prime Contract, and no authority to alter the COE's design.

(4) Other "design changes" are also necessarily references COE actions, for the same reasons.

Since each of the claims in the Complaint relate to COE actions or inactions, they are to be governed by the Prime Contract dispute resolution procedures. Walbridge-Doster's determination, in accordance with Article XIX of the subcontract, is accordingly that VT Milcom is required to pursue and resolve the claims in its Complaint in accordance with the "Disputes" clause of the Prime Contract.

Walbridge-Doster is ready, willing and able to cooperate with VT Milcom in this process. To date, it is Walbridge-Doster's understanding that the above claims have not been provided to Walbridge-Doster in form suitable for transmitting them to COE under the Prime Contract. VT Milcom should already be familiar with the applicable

DM_US:22053705_3



Kenneth A. Martin, Esq.
Daniel N. Thomas, Esq.
April 8, 2009
Page 3

requirements for claims/price adjustment proposals to be submitted to COE, but if for any reason it is not, Walbridge-Doster personnel are ready to assist with this as well. The COE has recently expressed its willingness to consider additional VT Milcom price adjustment proposals, to the extent it has additional claims, but these need to be presented to the COE for consideration.

Given Walbridge's determination, the Complaint that VT Milcom has filed is premature and not in accordance with the terms of the subcontract. We ask that VT Milcom agree promptly either to withdraw the Complaint without prejudice pending exhaustion of the Prime Contract disputes resolution process, or alternatively, Walbridge-Doster is willing to consent to a stay of the action pending such exhaustion. In the event VT Milcom does not agree to one or the other of these alternatives, we expect to ask the Court to dismiss or stay the action.

Nothing herein is intended to waive or any rights of Walbridge-Doster under the subcontract or under applicable law, or any claims or defenses of Walbridge-Doster in the pending action, and this letter is without prejudice to all such rights, claims and defenses.

I suggest that we discuss in more detail the process of moving forward with VT Milcom's claims under the Prime Contract disputes process, and accordingly will be calling you shortly to discuss this. In any event, your prompt response to the specific request above is requested.

Sincerely yours,

Andrew D. Ness

cc:   Gregory Parsons, Esq.
      Ryan Loghry, Esq.

DM_US:22053705_3