# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

Andrew D. Ness
Partner
T: 202.383.7333
F: 202.383.6610
nessa@howrey.com

November 9, 2009

Kenneth A. Martin
Martin Law Firm
6723 Whittier Ave., Suite 207
McLean, VA 22101

Re: **VT Milcom, Inc. Request for Equitable Adjustment**

Dear Ken:

We have received and reviewed on behalf of Walbridge Doster the VT Milcom draft Request for Equitable Adjustment, accompanying your letter of October 6, 2009. In response we have several observations regarding the REA and also will outline the available options regarding the path forward.[1]

To start with, the two attachments included with the REA appear to be incomplete drafts. They include notations such as "Richard look these over again" and "to be adjusted." These exhibits would need to be clean, finalized versions before they are submitted to the Government.

The REA itself is significantly lacking in specifics and documentary support. As a prime example, the great majority of the claimed amount is the $4,220,180.34 acceleration claim. VT Milcom asserts that:

> WD ordered Milcom to add personnel and to accelerate its work. Milcom complied with WD's directives, and as a consequence, it incurred substantially increased costs[.] Therefore, Milcom is entitled to recover its increased cost incurred to comply with WD's directives and for its increased labor expense resulting from its performance of the contract during its extended period of performance, and for the additional labor expense Milcom incurred to comply with WD's directive to add staff and to accelerate its performance.

This paragraph is essentially the entire support for this acceleration claim. Nowhere is there any specificity provided as to when and where these directives occurred, what their specific

---

[1] Nothing herein is intended to waive or any rights of Walbridge Doster under its subcontract with VT Milcom, or under applicable law, or any claims or defenses of Walbridge Doster in the pending action or otherwise, and this letter is without prejudice to all such rights, claims and defenses.

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

# HOWREY

effect was, or how the added costs claimed were incurred as a result. Additionally, the Government is going to ask how its actions resulted in this acceleration, and this is not addressed at all. To the extent there was compensable acceleration (which at this point we cannot discern at all from the REA), the directives may have come through WD as the prime contractor, but ultimately stemmed from Government actions or inactions, which need to be identified and tied down as to date and effect on VT Milcom.

As a result of these shortcomings in both specifics and supporting documentation, at this time the REA is far from a document that could be certified by WD and converted into a CDA claim. As we discussed some months ago, we requested and strongly suggested that VT Milcom generate an REA that, if negotiations on the REA proved unsuccessful, could be quickly converted into a certified CDA claim if need be. We note that this has not been done.

Let me also respond to two statements in your cover letter. First, you state that VT Milcom "will provide job cost financial data in support of the REA request upon the parties' agreement to a protective order." WD is prepared to enter into a protective order to protect appropriately the confidentiality of VT Milcom financial data; we also note that this is the first time we have heard this request. Please provide a draft protective order along these lines for our review. However, we need to caution you that it is not WD that ultimately needs access to substantiation from your financial documents for the costs being claimed, but the Government. We do not expect that the Corps of Engineers (COE) will enter into a protective order, however. But the COE can usually be relied upon to treat such documentation confidentially. In any event, VT Milcom needs to be prepared to submit its financial substantiation to the Government in support of its REA.

Second, you assert that Walbridge Doster's contract administration file contains documents that would enable VT Milcom to better substantiate its claim. The spreadsheets attached to the REA identify certain RFIs in particular that VT Milcom apparently does not have. We do not understand why VT Milcom would not be in possession of these RFIs, but within reason we are nevertheless willing to attempt to locate particular documents in our files as requested to support the VT Milcom REA. Please advise specifically as to what RFIs you need and we will attempt to locate them.

With respect to the path forward, we see two basic options for proceeding at this point:

Option 1, which remains WD's preferred option, is for VT Milcom to expend the added time and effort needed to convert the current REA into a considerably more detailed and substantiated REA that could, if need be, be converted to a certified CDA claim without substantial additional effort. This is what we suggested to start with and remains, in our opinion, the path that likely leads to the most beneficial and prompt resolution of the REA with the COE.

Option 2 is to clean up the current draft, improve it to the extent that VT Milcom desires (including adding details as provided by missing RFIs supplied from WD's files), and submit the REA to the COE at that point.

# HOWREY<sub>LLP</sub>

<p style="text-align:right">Kenneth A. Martin<br>November 9, 2009<br>Page 3</p>

  The disadvantage of Option 2 is that it may not maximize the prospects for a settlement that results in the maximum recovery for VT Milcom, but that is ultimately a business judgment for VT Milcom to make. The other disadvantage is that if a settlement acceptable to VT Milcom cannot be achieved based on the REA, the REA would not be certifiable, and no CDA claim could be submitted until VT Milcom provides a claim that in form and substance can appropriately be certified by both VT Milcom and WD.

  Notwithstanding the noted disadvantages of Option 2, if that is the direction that VT Milcom wishes to take, WD will submit the REA on VT Milcom's behalf once VT Milcom informs us that it is in final form. If we proceed in that manner, WD can make no representations whatever as to how the COE will receive the REA, or whether the COE will be willing to negotiate resolution on that basis.

  I am available to discuss this matter further at your convenience, if desired. We do need to reach resolution on the path forward very promptly, however.

<p style="padding-left:50%">Sincerely,<br><br>*Andrew D. Ness*<br>Andrew D. Ness</p>