# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: (202) 879-7675
adness@jonesday.com

March 31, 2011

Kenneth A. Martin, Esq.
The Martin Law Firm, PLLC
6723 Whittier Ave., Suite 200
McLean, VA 22101

Daniel N. Thomas, Esq.
Thomas & Arvin
1209 S. Virginia St.
Hopkinsville, KY 42241

Re: U.S. f/u/b of VT Milcom, Inc. v. Walbridge-Doster JV, et al.

Dear Messrs. Martin & Thomas:

This firm represents Defendant Walbridge-Doster JV in the referenced litigation, which is a Miller Act claim with respect to VT Milcom's work as a subcontractor on the Fort Campbell Command & Control Facility. Nearly two years ago, by letter of April 8, 2009 (copy attached), I wrote you on behalf of Walbridge-Doster JV in order to inform VT Milcom, Inc. that our review of VT Milcom's Complaint in this action confirms that it sets forth claims relating to alleged actions or inactions of the Owner, the U.S. Army Corps of Engineers (COE). As such, we notified you of Walbridge-Doster's determination, in accordance with Article XIX of the subcontract between Walbridge-Doster and VT Milcom, that the claims set forth in the Complaint were to be governed by the dispute resolution procedures of the Prime Contract with the COE.

Accordingly, Walbridge-Doster requested that VT Milcom provide its claims in a form suitable for transmitting them to the COE under the Prime Contract, and offered to cooperate in this process. VT Milcom was agreeable to this request. So in accordance with our request in this same letter, the Miller Act case was then stayed by Order of the District Court entered May 8. 2009, pursuant to a Consent Motion agreed by all parties.

Thereafter, by letter of October 5, 2009 from Mr. Martin, VT Milcom submitted a draft "Request for Equitable Adjustment." This draft REA was rejected per my letter of November 9, 2009, due to the notable lack of specifics and documentary support for the REA, as detailed in that letter. Since then, we have offered various suggestions and options for VT Milcom to pursue in assembling an REA or claim that could be submitted to the COE, provided relevant documents to VT Milcom from the Walbridge-Doster files, and engaged in various discussions and meetings in an effort to either settle this matter or see if there was a means for VT Milcom to present a colorable REA or claim that we could pass on to the COE. After almost

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit C

JONES DAY

Kenneth A. Martin, Esq.
Daniel N. Thomas
March 31, 2011
Page 2

two years, however, we still do not have anything from VT Milcom beyond the October 2009 draft REA, nothing even reasonably close to sufficient for submission to the COE, either informally as an REA or formally as a Contract Disputes Act claim.  Moreover, it is apparent from events of the past two years that there is no realistic prospect of receiving an REA or claim suitable for this purpose from VT Milcom in the foreseeable future.

In short, we have given VT Milcom more than ample opportunity to comply with its contractual obligation to utilize the Prime Contract disputes process, and VT Milcom has well demonstrated that it either cannot (due to lack of merit) or will not comply with that obligation. This further breach of the subcontract by VT Milcom damages Walbridge-Doster by precluding our ability to obtain any relief from the COE on behalf of VT Milcom, if indeed any relief is due, and has delayed Walbridge-Doster's ability to obtain its own final payment from the COE by at least two years.  At the same time, however, everything we have learned via this protracted process also supports the conclusion that VT Milcom's alleged claims are not meritorious in any event, as to either the COE or Walbridge-Doster.

Accordingly, it follows that there is no longer any justification for continuing the stay of the Miller Act litigation, as that stay serves only to delay further the final resolution of this matter for no purpose.  As a result, please be advised that we plan to move the District Court to end the stay, so that the case may proceed with discovery and the parties may promptly be put to the proof of their claims and counterclaims, respectively. Please also note that our counterclaim includes delay damages incurred by Walbridge-Doster due to VT Milcom's delays, in addition to the amounts expended to complete VT Milcom's scope of work.

Nothing herein is intended to waive or relinquish any rights of Walbridge-Doster under the subcontract or under applicable law, or any claims or defenses of Walbridge-Doster in the pending action, and this letter is without prejudice to all such rights, claims and defenses.

Very truly yours,

Andrew D. Ness

cc:    Gregory Parsons, Esq.
       Jonathan Harris, Esq.
       Thomas Dyze, Esq.

# HOWREY LLP

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

**Andrew D. Ness**
Partner
T 202.383.7333
F 202.318.8678
nessa@howrey.com

File 14372.0003.000000

April 8, 2009

Kenneth A. Martin, Esq.
The Martin Law Firm, PLLC
6723 Whittier Ave., Suite 200
McLean, VA 22101

Daniel N. Thomas, Esq.
Thomas & Arvin
1209 S. Virginia St.
Hopkinsville, KY 42241

Re: **U.S. f/u/b of VT Milcom, Inc. v. Walbridge-Doster JV**

Dear Messrs. Martin and Thomas:

We represent Defendant Walbridge-Doster in the referenced litigation, which is a Miller Act claim asserted by VT Milcom as a subcontractor to Walbridge-Doster on the Fort Campbell Command & Control facility.

As you may be aware, the terms of the subcontract between Walbridge-Doster and VT Milcom provide that "Claims, disputes and other matters in question that Contractor determines in its sole, reasonable discretion relate to actions or inactions of the Owner will be resolved according to the procedures identified in the Agreement between Owner and Contractor." (Subcontract, Article XIX). In the context of this subcontract, "Contractor" refers to Walbridge-Doster, "Owner" refers to the U.S. Army Corps of Engineers ("COE"), the "Agreement between Owner and Contractor" is COE Contract WR12QR-05-C-007 (the "Prime Contract"), and the "procedures identified" in that Agreement refers to the disputes process outlined in the "Disputes" clause of the Prime Contract, FAR 52.233-1.

We have carefully reviewed the claims referenced in VT Milcom's Complaint in this action that provide the claimed grounds for both VT Milcom's breach of contract claim and its payment bond claim. The claim allegations are that:

(1)  Differing site conditions relating to hidden building foundations, sanitary sewer lines, manholes and active communications lines caused additional work, delayed VT Milcom, and/or caused VT Milcom to accelerate its work. (Complaint Pars. 16-8).

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

# HOWREY

Kenneth A. Martin, Esq.
Daniel N. Thomas, Esq.
April 8, 2009
Page 2

(2) COE's Change Case Number 004 caused added work and delay to VT Milcom's work (Complaint Pars. 19-25).

(3) In excess of 450 RFIs [Requests for Information] were issued or processed on the Project, many of which resulted in changes or delays to VT Milcom's work. (Complaint Par. 26); and

(4) VT Milcom's performance was extended by several design changes. (Complaint Par. 27).

Our review indicates that each of these claims relate to alleged COE actions or inactions:

(1) Differing Site Conditions are COE's responsibility per the Differing Site Conditions clause of the Prime Contract (FAR 52.236-2). Any valid Differing Site Condition necessarily had to be pre-existing (in existence when the Prime Contract was awarded), and accordingly cannot have been caused by Walbridge-Doster's actions. *E.g., Foster Const. C. A. & Williams Bros. Co. v. U. S.* 435 F.2d 873, 878 (Ct.Cl. 1970).

(2) COE's Change Case 004 was a specific change to the Project's design ordered by COE.

(3) RFIs are inquiries arising from Walbridge-Doster or its subcontractors arising from the COE-supplied plans and specifications. Walbridge-Doster transmitted all RFIs to COE for response. Depending on the COE's response, RFI responses can amount to directed changes to the project's design, but in each case any change is directed by COE, not Walbridge-Doster. As a construction-only contractor, Walbridge-Doster had no design responsibility under the Prime Contract, and no authority to alter the COE's design.

(4) Other "design changes" are also necessarily references COE actions, for the same reasons.

Since each of the claims in the Complaint relate to COE actions or inactions, they are to be governed by the Prime Contract dispute resolution procedures. Walbridge-Doster's determination, in accordance with Article XIX of the subcontract, is accordingly that VT Milcom is required to pursue and resolve the claims in its Complaint in accordance with the "Disputes" clause of the Prime Contract.

Walbridge-Doster is ready, willing and able to cooperate with VT Milcom in this process. To date, it is Walbridge-Doster's understanding that the above claims have not been provided to Walbridge-Doster in form suitable for transmitting them to COE under the Prime Contract. VT Milcom should already be familiar with the applicable



Kenneth A. Martin, Esq.
Daniel N. Thomas, Esq.
April 8, 2009
Page 3

requirements for claims/price adjustment proposals to be submitted to COE, but if for any reason it is not, Walbridge-Doster personnel are ready to assist with this as well. The COE has recently expressed its willingness to consider additional VT Milcom price adjustment proposals, to the extent it has additional claims, but these need to be presented to the COE for consideration.

Given Walbridge's determination, the Complaint that VT Milcom has filed is premature and not in accordance with the terms of the subcontract. We ask that VT Milcom agree promptly either to withdraw the Complaint without prejudice pending exhaustion of the Prime Contract disputes resolution process, or alternatively, Walbridge-Doster is willing to consent to a stay of the action pending such exhaustion. In the event VT Milcom does not agree to one or the other of these alternatives, we expect to ask the Court to dismiss or stay the action.

Nothing herein is intended to waive or any rights of Walbridge-Doster under the subcontract or under applicable law, or any claims or defenses of Walbridge-Doster in the pending action, and this letter is without prejudice to all such rights, claims and defenses.

I suggest that we discuss in more detail the process of moving forward with VT Milcom's claims under the Prime Contract disputes process, and accordingly will be calling you shortly to discuss this. In any event, your prompt response to the specific request above is requested.

Sincerely yours,

*Andrew D. Ness*

Andrew D. Ness

cc: Gregory Parsons, Esq.
Ryan Loghry, Esq.

DM_US:22053705_3