## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CASE NO. 5:08-CV-202

**THE UNITED STATES FOR THE USE AND
BENEFIT OF VT Milcom, INC.,**                                          **PLAINTIFF**

**v.**

**WALBRIDGE-DOSTER, A JOINT
VENTURE, TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,
FEDERAL INSURANCE COMPANY, and
SAFECO INSURANCE COMPANY OF
AMERICA**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff VT Milcom's Motion for Leave to File

Amended Complaint (DN 54).  The Defendants have responded (DN 61).  Plaintiff has replied

(DN 62).  For the following reasons, Plaintiff's motion (DN 54) is GRANTED.

## BACKGROUND

This breach of contract case involves a federal government construction project.  In 2005,

the U.S. Army Corps of Engineers (COE) entered into a contract with Defendant Walbridge-

Doster (W-D) for the construction of the Division Headquarters Command and Control Facility

in Fort Campbell, Kentucky.  W-D, the general contractor, entered into a sub-contract with VT

Milcom (Milcom) that required Milcom to install electrical and communications systems.  For

various reasons, there were several changes in the plan and project schedules.  For example,

hidden building foundations, sewer lines, and manholes were uncovered on the project site.

Additionally, active communications lines were uncovered and needed to be re-routed.  As a

result, Milcom alleges that W-D has refused to pay Milcom all sums due under the subcontract or for the additional labor, service, and material expenses it incurred due to the various changes.

In April 2009, after Milcom filed its original complaint, W-D informed Milcom that its claims related to the actions or inactions of the COE and therefore invoked the prime contract disputes procedure outlined in the prime contract between W-D and the COE.  W-D maintains that Milcom's claims arise from the site of the COE, the design of the COE, and the changes in scope ordered by the COE; therefore, Milcom's claims, if proven, should be paid for by the COE.  The dispute procedure outlined in the prime contract is derived from the Federal Contract Disputes Act and requires the submission of a written, formal, documented claim that W-D can certify to the COE.

Shortly after this action commenced, the parties submitted a Consent Motion to Stay (DN 24) so that Milcom's claims could be presented by W-D to the COE.  For various reasons disputed by the parties, Milcom's claims were not presented to the COE.  W-D filed a motion to lift the stay (DN 44) in April 2011 so that this litigation could proceed.  Citing confusion over the claims asserted against W-D, Milcom filed this Motion for Leave to File Amended Complaint.

## STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The rule directs that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities.  *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961).  Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

## DISCUSSION

Plaintiff Milcom seeks leave of this Court to file an amended complaint to clarify the factual basis for its claims.  W-D opposes Milcom's motion because (1) it is futile, (2) it will substantially prejudice W-D, and (3) its justifications for the amendment are illusory.  Generally, W-D contends that Milcom is attempting to shift the responsibility for its claims from the COE to W-D by re-characterizing its claims generally as "additional labor, services, and materials it provided in compliance with WD's directives."

### 1.  Futility of the Amended Complaint

W-D asserts that Milcom's amended complaint is futile because it merely restates the same allegations pled in the original complaint with added language shifting its focus to W-D.  "An amendment is futile when it 'merely restates the same facts using different language, or reasserts a claim previously determined.'"  *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)(quoting *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983)).  However, the amended complaint does not *merely* restate the same facts– it clarifies the basis on which Milcom's claims against W-D are premised.  Milcom asserts that recent communications between counsel made it clear that W-D misconstrued Milcom's original complaint.  The amended complaint clarifies that Milcom's claims against W-D are based on the actions of W-D and breach of the contract between Milcom and W-D.  Accordingly, Milcom's amended complaint is not futile.

**2. Prejudice to W-D**

W-D next asserts that allowing Milcom to file its amended complaint will substantially prejudice W-D. To support this contention, W-D points to the time and resources devoted to assisting Milcom in presenting its claims to the COE. However, the extent of the assistance given by W-D is highly contested by the parties. W-D alleges that, although it cooperated with Milcom and expressed its willingness to present a certified claim to the COE, Milcom failed to provide the data necessary to permit W-D to submit Milcom's claims. Milcom alleges that W-D refused to submit a certified claim to the COE, a jurisdictional prerequisite to invoking the Federal Contract Dispute process. Milcom further alleges that its claim was incomplete because W-D refused to provide the Prime Contract Record—which would make the claim complete—unless Milcom first agreed to release W-D and its bonding company from all claims it had against them. Nevertheless, because the events that occurred during the two-year stay are distinct from the progression of this litigation, the Court finds this argument unavailing.

W-D also asserts that it will be prejudiced because the amended complaint asserts a new theory of liability based on evidence that was available to Milcom at the time the original complaint was filed. However, the Court does not agree that the amended complaint asserts a new theory of liability. In fact, the two complaints are strikingly similar. Like the original complaint, the amended complaint asserts a breach of contract claim against the same defendant. Despite W-D's assertion otherwise, the original complaint did not seek to hold the COE responsible for Milcom's increased expenses or for the sums due under the subcontract between W-D and Milcom. That the parties attempted to find an alternate resolution of Milcom's claims does not change the nature of the claims asserted in the original complaint.

Furthermore, W-D will not be prejudiced by any delay in filing an amended complaint as this action is not at a late stage in the litigation.  Although W-D points to the fact that this litigation is over two and a half years old, it was stayed for two years.  "Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."  *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).  Accordingly, W-D has not shown that it will be prejudiced by the amended complaint.

### 3.  Justifications for Amended Complaint

As justification for its amended complaint, Milcom asserts that it will help clarify the nature of its claims to opposing counsel, and will help narrow the scope of discovery.  W-D argues that these justifications are illusory and do nothing to clarify or narrow the scope of discovery.  As discussed above, the Court finds that the complaint does help to clarify the nature of its claims to opposing counsel.  Despite the fact that this action was filed against W-D and not against the COE, and that the Complaint alleged breach of the subcontract between W-D and Milcom, W-D insists that the original complaint did not assert claims against it.  The amended complaint clarifies that the claims are against W-D, for the actions of W-D and based on the contract between Milcom and W-D.  Accordingly, this clarification will likely help to focus the parties' future discovery efforts on the actions or inactions of the actual parties to this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint (DN 54) is GRANTED.